CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

11/8/2019

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| ATLAS PACIFIC ENGINEERING CO., a Delaware corporation | : : : | |
| Plaintiff, | : : : | |
| v. | : : : | Civil Action No. 5:19-cv-00084 |
| NATIONAL FRUIT PRODUCT CO., INC., a Virginia corporation | : : : : : | |
| Defendant. | : : | |

# COMPLAINT

Plaintiff Atlas Pacific Engineering Co., a Delaware corporation, by and through undersigned counsel, files this Complaint against Defendant National Fruit Product Co., Inc., a Virginia corporation, and states as follows:

## INTRODUCTION

This is an action for breach of contract regarding large-scale apple machinery leased by Plaintiff Atlas Pacific Engineering Co. ("Plaintiff" or "Atlas Pacific") to Defendant National Fruit Product Co., Inc. ("Defendant" or "Nat'l Fruit"). Nat'l Fruit has defaulted on the lease between the parties relating to, *inter alia*, its failure to pay rental fees and failure to return the leased property to Atlas Pacific. Nat'l Fruit refuses to surrender the leased property—property that Atlas Pacific owns and has always owned. Pursuant to the lease, Atlas Pacific seeks contractual damages and possession for breach of the lease from this Court.

## THE PARTIES

1. Atlas Pacific is a corporation organized under the laws of Delaware with its principal place of business located at 1 Atlas Avenue, Pueblo, CO 81001.

2. Nat'l Fruit is a corporation organized under the laws of Virginia with its principal place of business located at 701 Fairmont Avenue, Winchester, VA 22601.

3. Atlas Pacific is in the business of, *inter alia*, providing large-scale machinery for apple feeding, coring, peeling, celling, and slicing purposes.

4. Atlas Pacific is the title owner of certain apple feeding, coring, peeling, celling, and slicing machines (as defined below).

## JURISDICTION AND VENUE

5. The parties are of diverse citizenship.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)

8. The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area which is contained within the federal judicial district known as the Western District of Virginia. More specifically, Atlas Pacific seeks contractual damages and repossession of certain apple feeding, coring, peeling, celling, and slicing machines located at Nat'l Fruit's processing facility in Winchester, VA, which is within this federal judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## **THE LEASE**

10. On or about September 1, 2017, Atlas Pacific leased twelve automatic apple feeding, coring, and peeling machines with dry feeds (the "Peelers"), as well as twelve automatic apple seed celling and slicing attachments (the "Slicers"), together with all incorporated components, parts, appliances, additions, accessions, and attachments (collectively, the "Machines") to Nat'l Fruit through written lease no. 1926/1826 (the "Lease"). A true and correct copy of the Lease, the terms of which are incorporated herein, is attached hereto as **Ex. A**.

11. Pursuant to section 5(c) of the Lease, Nat'l Fruit was required to pay both possession rental fees and usage rental fees for the Machines in the following initial amounts:

| | | |
|---|---|---|
| Annual Apple Peeler Possession Rental | - | $13,107.00 / Machine |
| Annual Apple Slicer Possession Rental | - | $ 6,349.00 / Machine |
| Hourly Usage Rental Per Machine | - | $     21.92 / First 500 Hours |
| | | $     16.64 / 501-1000 Hours |
| | | $       7.31 / 1001+ Hours |

These amounts would increase annually. *See* Ex. A § 5(c).

12. Pursuant to section 1 of the Lease, the Lease term was for three (3) apple seasons, from September 1, 2017 to August 31, 2020.

13. Since at least September 1, 2017, Nat'l Fruit has possessed and used the Machines at its processing facility (the "Facility") located at 550 Fairmont Avenue, Winchester, VA 22601.

14. On February 1, 2018, Atlas Pacific and Nat'l Fruit entered into a Lease amendment to reduce, *inter alia*, the total number of Machines leased by Nat'l Fruit from twenty-four (24) to twenty (20)—ten (10) Peelers and ten (10) Slicers. A true and correct copy of the Lease amendment, the terms of which are incorporated herein, is attached hereto as **Ex. B**.

15. Pursuant to section 9 of the Lease, title to the Machines remained with Atlas Pacific at all relevant times.

16. Pursuant to section 4 of the Lease, Nat'l Fruit has an obligation to maintain and repair the Machines.

17. Pursuant to section 5(e) of the Lease, Atlas Pacific has no obligation to perform under the Lease in the event of a payment default by Nat'l Fruit.

18. Pursuant to section 5(d) of the Lease, Atlas Pacific is entitled to delinquent rental fees and interest costs in the event of a payment default by Nat'l Fruit.

19. Pursuant to section 6 of the Lease, Nat'l Fruit must reimburse Atlas Pacific for any taxes levied or assessed against the Machines that are paid by Atlas Pacific.

20. Pursuant to section 13(a) of the Lease, Atlas Pacific may terminate the Lease following a payment default by Nat'l Fruit.

21. Pursuant to section 13(c) of the Lease, Nat'l Fruit must immediately discontinue use of the Machines upon termination of the Lease and, at Nat'l Fruit's expense, return the Machines to Atlas Pacific.

22. Pursuant to section 13(c) of the Lease, Atlas Pacific may take immediate possession of the Machines upon termination of the Lease and a refusal to return the Machines by Nat'l Fruit.

23. Pursuant to section 13(e) of the Lease, several of Nat'l Fruit's obligations under the Lease continue following the Lease's termination date, including Nat'l Fruit's obligation to pay any rental fees that are still owed to Atlas Pacific.

24. Pursuant to section 16 of the Lease, "[w]aiver by Atlas Pacific of any default of [Nat'l Fruit] hereunder…shall not constitute or be construed as a waiver of any subsequent default, nor prevent Atlas Pacific from terminating this Lease after such waiver."

25. Pursuant to section 21 of the Lease, the prevailing party in any lawsuit relating to the Lease is entitled to attorneys' fees and court costs.

26. Pursuant to section 20 of the Lease, the validity, interpretation, and performance of the Lease are to be governed by the laws of the state of Colorado.

## NAT'L FRUIT'S DEFAULT

27. Since October 2017, Nat'l Fruit has defaulted on payments under the Lease in the amount of at least $346,997.58. A true and correct copy of Nat'l Fruit's most recent statement of account is attached hereto as **Ex. C**.

28. On November 19, 2018, Atlas Pacific sent a Notice of Default letter to Nat'l Fruit.

29. Nat'l Fruit failed to cure its payment defaults.

30. On July 12, 2019, Atlas Pacific sent a Notice of Termination letter to Nat'l Fruit, demanding delivery of the Machines to Atlas Pacific and setting an automatic termination date of July 15, 2019. A true and correct copy of the Notice of Termination letter is attached hereto as **Ex. D**.

31. On August 16, 2019, Atlas Pacific attempted to repossess the Machines, but Nat'l Fruit denied Atlas Pacific entry to Nat'l Fruit's Facility.

32. On October 18, 2019, Nat'l Fruit returned four (4) of the remaining Peelers and four (4) of the remaining Slicers to Atlas Pacific.

33. To date, Nat'l Fruit has failed to return six (6) Peelers and six (6) Slicers to Atlas Pacific.

## COUNT I
### (Breach of Lease)

34. Atlas Pacific incorporates and re-alleges paragraphs 1 through 33, inclusive.

35. Under the Lease, Atlas Pacific has either fully performed its obligations or its obligations have been excused by Nat'l Fruit's default.

36. Nat'l Fruit has failed to perform its obligations under the Lease.

37. As a result of Nat'l Fruit's failure to perform its obligations under the Lease, Atlas Pacific has suffered damages.

38. Under the Lease, Atlas Pacific is entitled to damages from Nat'l Fruit for breach in an amount to be determined by this Court at least in excess of the jurisdictional requirements, including but not limited to the amount of Nat'l Fruit's rental arrearage under the Lease of at least $346,997.58 as well as interest, costs, and attorney's fees.

WHEREFORE, Plaintiff Atlas Pacific Engineering Co. prays that:

a. Plaintiff be awarded rental damages at least in the amount of $346,997.58 plus interest costs;

b. Plaintiff be awarded damages in an amount equal to the value needed for Plaintiff to be placed in as good a position it would have been had Defendant fully performed its obligations;

c. Plaintiff, its officers, employees, and agents be indemnified and held harmless from and against any claims at law or in equity to the extent those claims arise out of Defendant's breach of the Lease and/or Defendant's use of the Machines;

d. Plaintiff be awarded its unreimbursed costs for any taxes levied or assessed against the Machines;

e. Plaintiff be awarded its reasonable attorneys' fees and costs; and

f. Plaintiff be granted such further and other relief this Court deems just and equitable.

4454786v.3

## COUNT II
### (Partial Specific Performance of the Lease)

39. Atlas Pacific incorporates and re-alleges paragraphs 1 through 38, inclusive.

40. Pursuant to section 9 of the Lease, Atlas Pacific is the title owner of the Machines.

41. Nat'l Fruit is in default under the Lease.

42. To date, Nat'l Fruit has failed to cure its payment defaults under the Lease.

43. Although Atlas Pacific has requested that Nat'l Fruit stop using the Machines and return the remaining Machines to Atlas Pacific, Nat'l Fruit has refused to comply with such request in breach of the Lease's terms.

44. Nat'l Fruit continues to possess and use, or are capable of using, the Machines to feed, core, peel, cell, and slice apples.

45. Under the Lease, Atlas Pacific is entitled to delivery of the Machines from Nat'l Fruit to Atlas Pacific.

WHEREFORE, Plaintiff Atlas Pacific Engineering Co. prays that:

a. Plaintiff and/or its agents be permitted to procure the disassembly, export, and physical transfer of the Machines from their present location(s) to a facility under the custody and control of Plaintiff, its officers, agents, servants, employees, and/or attorneys;

b. Plaintiff be awarded its reasonable costs and expenses in disassembling, exporting, and transferring the Machines from their present location(s) to a facility under the custody and control of Plaintiff, its officers, agents, servants, employees, and/or attorneys;

c. Plaintiff, its officers, employees, and agents be indemnified and held harmless from and against any claims at law or in equity to the extent those claims arise out of Defendant's breach of the Lease and/or Defendant's use of the Machines;

  d. Plaintiff be awarded its reasonable attorneys' fees and costs; and

  e. Plaintiff be granted such further and other relief this Court deems just and equitable.


Date: November 8, 2019        Respectfully submitted,

                JACKSON & CAMPBELL, P.C.


                By: */s/ Jeremy D. Camacho*
                    Jeremy D. Camacho (VSB #86765)
                    1120 20th Street, N.W.
                    South Tower, Third Floor
                    Washington, DC 20036-3437
                    (T) (202) 457-1600
                    (F) (202) 457-1680
                    jcamacho@jackscamp.com
                    *Attorney for Plaintiff*